# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    **Plaintiff,**

    v.

                            Case No.    05-C-1056
                                        (01-CR-217-RTR-2)

TIMOTHY P. NASIEROWSKI,

    **Movant.**

## DECISION AND ORDER

Timothy Nasierowski ("Nasierowski") is currently serving a term of imprisonment of 87 months at the Federal Prison Camp in Duluth, Minnesota. On May 23, 2002, this Court entered judgment against Nasierowski, based on his plea of guilty to conspiracy to distribute more than 50 grams of cocaine base in violation of 21 U.S.C. §§ 841 (a)(1) & 841(b)(1)(A)(iii), 846, and 18 U.S.C. § 2. On October 6, 2005, the Court received Nasierowski's motion ("the motion") under 28 U.S.C. § 2255 to vacate, set aside or correct his sentence. With his motion, Nasierowksi has also filed a motion to proceed *in forma pauperis* (IFP).

The Court need not consider Nasierowski's IFP request. There is no filing fee for Section 2255 motions. *See* Rules Governing Section 2255 Proceedings for the Untied States

District Courts, Rule 3 Advisory Committee Notes. Any request to proceed without prepayment of fees is moot.

Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts states that a judge must promptly examine § 2255 motions and "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." Rules Governing Sec. 2255 Proceedings for the United States District Courts, Rule 4(b). In his motion, Nasierowski claims that his defense attorney provided ineffective assistance of counsel. Four reasons undergird this claim: (1) defense counsel contravened Nasierowski's instructions and failed to file a notice of appeal; (2) defense counsel failed to object to the drug quantity identified in the plea agreement; (3) defense counsel failed to object to the sentencing court's failure to adhere to Rule 32 of the Federal Rules of Criminal Procedure; and (4) defense counsel did not negotiate Nasierowski's plea agreement in good faith. Nasierowksi also claims that his sentenced was illegally enhanced in violation of *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738 (2005).

Though prisoners have one year to file for relief under 28 U.S.C. § 2255, it is well-settled that periods of limitations are affirmative defenses best adjudicated after the input of both parties to an action. Generally, a district court may not dismiss a § 2255 motion *sua sponte* based on untimely filing. *Gildon v. Bowen*, 384 F.3d 883, 886 (7th Cir. 2004). Nevertheless, district courts may dismiss motions if the motion appears on its face to be

2

without merit. *Id.* Of course, such situations, with respect to periods of limitations, are unusual insofar as claims of equitable tolling will rarely be clear from the face of a petition or motion. *Id.*

Nasierowski's motion was submitted on a standard form previously used in this district. The current form, available on the Court's website, does not inquire into issues of timeliness lest a movant should unnecessarily raise an affirmative defense on the face of his complaint. Nevertheless, the old form, used by Nasierowski, asks prisoners to provide an explanation if their motion is submitted more than one year after their convictions became final. Nasierowski has completed that section, stating:

> This is a first time motion and takes into account the new facts of law brought out by the Supreme Court in the January 2005 Booker vs. United States. Under the rules of the court the petitioner is granted one year from this ruling to challenge his sentence under the directives of the current legal situation. Since the Supreme Court ruling was in January 2005, petitioner believes he has until January 2006 to challenge the imposition of his sentence. The petitioner also believes that the court should grant the petitioner a certificate of appealability based on the gross errors made by Defense counsel. Under the certificate, these issues would be raised on direct appeal, and not through the course of a 2255 [sic].

(Mot. 13.)

Nasierowski is mistaken in his belief that *Booker* allows him to file an untimely motion. The Seventh Circuit has held that *Booker* is not retroactively applicable to criminal cases, like Nasierowski's, that became final before January 12, 2005. *McReynolds v. United States*, 397 F.3d 479, 481 (7th Cir. 2005). In that opinion, the Seventh Circuit also clarified that "*Blakely* reserved decision about the status of the federal Sentencing Guidelines . . . so

3

*Booker* itself represents the establishment of a new rule about the federal system." *Id*. Thus, Nasierowski's attempts to claim that the decisions of *Booker* or *Blakely* mandate consideration of his admittedly tardy petition are without merit.

Nasierowski does *not* suggest that counsel's ineffective assistance resulted in an untimely § 2255 motion. Rather, he simply states that counsel's conduct resulted in his failure to file a timely notice of appeal. As such, the only ground offered by Nasierowski for his admittedly untimely motion–the issuance of the *Booker* decision–is legally insufficient.

Perhaps Nasierowksi wishes the Court to ignore the labeling and format of his motion and, instead, to treat it as a motion for an extension of time in which to file a notice of appeal. Rule 4(b)(4) of the Federal Rules of Appellate Procedure allows district courts to extend the time for appealing criminal convictions "[u]pon a finding of excusable neglect or good cause . . . ." Fed. R. App. P. 4(b)(4). The extension period, however, may not exceed "30 days from the expiration of the time otherwise prescribed by this Rule 4(b)." *Id.* Rule 4(b)(1) states that a defendant must file a notice of appeal in the district court within 10 days of "the entry of either the judgment or the order being appealed." Fed. R. App. P. 4(b)(1)(A)(I). Thus, even if the Court construed Nasierowski's motion as one to extend the time for filing his notice of appeal, his request comes too late for this Court to provide him relief.

4

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

Nasierowski's Motion to Proceed *In Forma Pauperis* is **DENIED** as moot.

Nasierowski's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody is **DISMISSED** with prejudice.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 24th day of February, 2006.

                                      **BY THE COURT**

                                      s/ Rudolph T. Randa
                                      **Hon. Rudolph T. Randa**
                                      **Chief Judge**

5

Case 2:05-cv-01056-RTR   Filed 02/24/06   Page 5 of 5   Document 4